```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA            JUDGMENT INCLUDING SENTENCE
    -v-                             UNDER THE SENTENCING REFORM ACT

Ismael Russi-Obando,                CASE NUMBER: CR-03-1036(FB)
        Defendant.                  B. ALAN SEIDLER, ESQ.
                                    580 BROADWAY, SUITE 717
-----------------------------------------------x  NEW YORK, NY 10012
                                    Defendant's Attorney & Address
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 3 1 2005 ★
BROOKLYN OFFICE

**THE DEFENDANT:** Ismael Russi-Obando
__XX__ pleaded guilty to count ONE AND TWO OF THE INDICTMENT.

Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| T. 18 USC 1956(h) | MONEY LAUNDERING | 1 |
| T. 31 USC 5324(a)(3) | EVADING REPORTING REQUIREMENTS BY STRUCTURING BANK TRANSACTIONS. | 2 |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
__XX__ It is ordered that the defendant shall pay to the United States a special assessment of $ 200.00
       which shall be due immediately :

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_____

                            MAY 4, 2005
                        Date of Imposition of Sentence

Defendant's Mailing Address:

                        THE HONORABLE FREDERIC BLOCK

                             May 26, 2005
                                Date

                        A TRUE COPY ATTEST
                        Date: 5/31/05
                        ROBERT C. HEINEMANN
                        CLERK OF COURT

                        By:_____
                        MIKE J. INNELLI
                        DEPUTY CLERK

Defendant: Ismael Russi-Obando
Case Number: CR-03-1036(FB)

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>SEVENTY (70) MONTHS ON COUNTS ONE AND TWO OF THE INDICTMENT. THE SENTENCE IMPOSED ON EACH COUNT SHALL RUN CONCURRENTLY TO EACH OTHER FOR A TOTAL OF SEVENTY (70) MONTHS.</u>

\_    The Court makes the following recommendations to the Bureau of Prisons:

XX    The defendant is remanded to the custody of the United States Marshal.
\_    The defendant shall surrender to the United States Marshal for this district,
        \_  at \_\_\_a.m./p.m. on _____.
        \_  as notified by the Marshal.

\_    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

        \_  before 2:00 p.m. on _____.
        \_  as notified by the United States Marshal.
        \_  as notified by the Probation Office.

## RETURN

    I have executed this Judgment as follows:

_____

The defendant was delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

                                                _____
                                                United States Marshal

                                                By_____

Defendant: Ismael Russi-Obando
Case Number: CR-03-1036(FB)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THREE (3) YEARS ON COUNTS ONE AND TWO OF THE INDICTMENT. THE TERMS OF SUPERVISED RELEASE IMPOSED ON EACH COUNT SHALL RUN CONCURRENTLY TO EACH OTHER FOR A TOTAL OF THREE (3) YEARS WITH THE SPECIAL CONDITION THAT ONCE THE DEFENDANT IS DEPORTED HE SHALL NOT RE-ENTER THE U.S. ILLEGALLY.</u>

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

_    The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: Ismael Russi-Obando
Case Number: CR-03-1036(FB)

## STANDARD CONDITIONS OF SUPERVISION

**While the defendant is on probation or supervised release pursuant to this Judgment:**

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.